391 P.2d 837

Samuel ADAMS and Hilda M. Adams, his wife, Plaintiffs, Respondents and Cross Appellants,

v.

Don A. TAYLOR and Mildred B. Taylor, his wife, Defendants and Appellants.

No. 9986.

Supreme Court of Utah.

May 8, 1964.

Bean & Bean, Layton, for appellants.

Lothaire R. Rich, Salt Lake City, for respondents.

HENRIOD, Chief Justice.

Appeal from a no cause of action judgment in a case tried to the court in an unlawful detainer action. Defendants counterclaimed for enforcement of a contract. Affirmed. No costs awarded.

Defendants negotiated for the lease and purchase of a piece of property to operate a root beer stand. The property was owned by Mr. Adams, 78, who was ill at times, but whose competency was not questioned. His wife negotiated and handled his business matters. There were efforts to conclude a 10-year lease and other conditions anent a lease-purchase agreement. For a time, nobody seemed to agree on all terms, and proposed agreements were rejected by each side. Nonetheless, an arrangement finally was consummated in which Taylors were to take possession, and make improvements, all of which they did after having given a check as first payment on account of what appears to have been a lease-purchase agreement evidenced by an endorsement thereon as follows: "Selling price, $13,-000. Four to five years to buy or lease. [Signed] Samuel J Adams and Hilda M. Adams." The Taylors made extensive improvements on the property and made monthly payments for two years, the original check as endorsed above, and the payments mentioned having been accepted by the Adamses. Taylors, wanting something else in writing, were finally confronted with the present suit in which assertions were advanced that Mr. Adams, owner of the property, had signed nothing, that the Statute of Frauds struck down any purported agreement, and that at best there was but a tenancy at will.

■ The trial court held there was an agreement for a five-year lease, but that he could not entertain a prayer for specific performance of an asserted option to buy for $13,000. We think he was right on both counts. Acceptance of monthly payments for two years seems to be sufficient part performance to take the case out of the Statute of Frauds, where the owner of property accepts the emoluments under the circumstances of this particular case, though acting through amanuensis. He cannot equivocate under such circumstances and invent a claim of tenancy at will.[1]

■ As to the option phase of this case, the trial court could not order specific performance thereof, since it was not exercisable until July 1, 1964, and Taylors, at time of suit had made no tender.

We affirm the trial court, with instructions to enter an order allowing the Taylors, if they wish, to exercise the option, by tender of $13,000 before such date, and if

1. Kelly v. Richards, 95 Utah 560, 83 P.2d 731, 129 A.L.R. 164 (1938); 3 Williston, Contracts, Sec. 533-A, (3rd Ed. 1960).

the Adamses fail to accept such tender, to enter an appropriate judgment for specific performances, consonant with the observations and conclusions of this decision.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.